The residue of the condition does not affect the question, and need not be recited.

It is, then, the opinion of a majority of the court that, if there was really a debt due from the jewelry store to the hardware store, Finley is entitled to that debt.

This is a proper subject for an account.

The plaintiff has probably not applied for this account in the court below, and it does not appear to be a principal object of his bill. This court, therefore, doubted whether it would be most proper to affirm the decree dismissing the bill with the addition that it should be without prejudice to any future claim for profits, and for the debt due from one store to the other, or to open the decree and direct the account. The latter was deemed the more equitable course. The decree, therefore, is to be reversed, and the cause remanded, with directions to take an account between the two stores, and an account of the profits of the jewelry store, if the same shall be required by the plaintiff.

Todd, J. concurred in the opinion of the court that the debt of *Wells & Co.* was a debt to be paid by Finley, but he differed upon the other part of the case, being of opinion, that the complainant was not entitled to a relief which by his bill he had made a merit of waiving.

*Decree reversed*, and the cause remanded, with directions to reinstate the injunction, and take an account, &c.

———⊕———

## DE BUTTS *v.* BACON AND OTHERS.

————

If an agent, who has, by permission of

ERROR to the circuit court for the district of Columbia, in a suit in chancery, brought by Samuel De

Butts against James Bacon and others, the object of which was to foreclose a mortgage made by Bacon to De Butts. The condition of the mortgage was, that if the defendant, Bacon, should pay to the complainant the interest of eight *per cent.* upon one thousand dollars of eight *per cent.* stock of the United States, loaned by the complainant to the defendant, and should further pay to the complainant " the said sum of one thousand dollars," &c. the deed should be void.

The defendant, Bacon, pleaded the statute of usury, alleging that it was a loan of money and not of stock.

The facts of the case appeared to be, that the complainant, Samuel De Butts, intending to speculate in a voyage with Captain Elias De Butts, authorized the latter to sell one thousand dollars of eight *per cent.* stock of the United States, which he did through the agency of the defendant, Bacon, who received the money. The plan of the voyage not having been prosecuted, the complainant wished to get his stock back again, but could not get either the stock or the money from Bacon. It was however finally agreed, that Bacon should be considered as answerable for the stock, and should give a mortgage to secure the repayment of the stock, and eight *per cent.* interest.

The court below decided the contract to be usurious, and decreed the mortgage to be void. Which decree, this court, after argument, by *Swann*, for the appellant, and *Youngs*, for the appellees,

Affirmed.

*De Butts v. Bacon.*

*his principal, sold 8 per cent. stock, applies the money to his own use, and being pressed for payment gives a mortgage to secure the repayment of the amount of the stock with 8 per cent. interest thereon, it is usury.*

---

## SHEEHY v. MANDEVILLE AND JAMESSON.

---

ERROR to the circuit court for the district of Columbia, sitting at Alexandria, in an action of *assumpsit*

*A promissory note given and received for*